**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| DEBRIC BROUSSARD,<br><br>Plaintiff,<br><br>vs.<br><br>WASTE PRO USA, INC; WASTE PRO OF LOUISIANA, INC.; TOTAL WASTE SOLUTIONS, LLC; MICHAEL SCIONEAUX; SAMUEL EDWARDS; DOE DEFENDANTS 1- 10,<br><br>Defendants. | Civil Action No. 2:26-cv-00760<br><br>Judge Carl J. Barbier<br><br>Magistrate Judge Donna Phillips Currault |

**CERTIFICATE OF COMPLIANCE WITH RULE 11**

I, Michael C. Mims, hereby declare as follows:

1. I am a Shareholder of the law firm Liskow & Lewis, APLC, and am duly admitted to practice before this Court.

2. I represent Waste Pro USA, Inc., Waste Pro of Louisiana, Inc., and Total Waste Solutions, LLC in the above-captioned matter.

3. I submit this Declaration in support of the Defendants' Motion for Sanctions Pursuant to Rule 11 ("Motion"). I am fully familiar with the facts set forth herein.

4. In compliance with Rule 11(c)(2), on July 28, 2026, Defendants served Plaintiff with a copy of the Motion, along with a letter setting forth Defendants' proposed remedy for curing the underlying dispute. *See* Exhibit A ("Rule 11 Letter"). The Rule 11 Letter was served via electronic mail on counsel of record for Plaintiff, who responded and confirmed receipt. In the letter, Defendants demanded a cure by August 18, 2026, consistent with Rule 11's 21-day safe harbor period.

5. The basis for the Rule 11 Letter was that Plaintiff's Complaint (Doc. 1) asserted several claims based on conduct allegedly occurring prior to January 7, 2026 – claims that had already been released through the parties' January 7, 2026 settlement of a prior related matter, *Debric Broussard v. Waste Pro USA, Inc. et al*., Docket No. 2:25-cv-02132 (E.D. La., Hon. Sarah Vance presiding) ("2025 Title VII Action").

6. Plaintiff did not cure the offending allegations by August 18 – but on August 24, 2026, Plaintiff filed the First Amended Complaint (Doc. 9). The First Amended Complaint re-asserted many of the same claims that were the subject of the Rule 11 Letter – namely, the following claims that are all premised on alleged conduct occurring prior to January 7, 2026: creation of a hostile workplace, isolation of Plaintiff from his coworkers, mishandling of Plaintiff's complaints to Human Resources, constructive discharge, and lost wages (the "Re-Asserted Claims"). The Re-Asserted Claims – the same claims that Defendants demanded be withdrawn in the July 28, 2026 Rule 11 Letter – are the subject of the present Motion.

7. The Motion is identical to the Motion that Defendants served on Plaintiff on July 28, 2026, other than minor formatting and other non-substantive changes.

8. Because the Motion satisfies the identicality requirement, and because the Motion is filed in response to Plaintiff's refusal to withdraw the same Re-Asserted Claims for which Defendants previously satisfied Rule 11's safe harbor requirements, the Court may properly hear the Motion despite Plaintiff having filed the First Amended Complaint. *See Girod LoanCo, LLC v. Klein*, No. 24-CV-2366, 2024 WL 4969717, at *3 (E.D. La. Dec. 4, 2024) (declining to treat a sanctions motion as moot following a superseding pleading because "the allegations and deficiencies with which [the movant] originally took issue also exist in the" amended pleading); *New World Int'l, Inc. v. Ford Global Techs.*, LLC, No. 3:16-CV-1112-M, 2017 WL 1078525, at *5

(N.D. Tex. Mar. 22, 2017) (declining to deny a motion for sanctions as moot where it was directed at a superseded complaint, because the challenged conduct "applies with equal force to the Amended Complaint, which asserts the same … claims as did the original Complaint.").

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 8, 2026.

By: ______________________

**Michael C. Mims**