**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| DEBRIC BROUSSARD,<br><br>Plaintiff,<br><br>vs.<br><br>WASTE PRO USA, INC; WASTE PRO OF LOUISIANA, INC.; TOTAL WASTE SOLUTIONS, LLC; MICHAEL SCIONEAUX; SAMUEL EDWARDS; DOE DEFENDANTS 1- 10,<br><br>Defendants. | Civil Action No. 2:26-cv-00760<br><br>Judge Carl J. Barbier<br><br>Magistrate Judge Donna Phillips Currault |

**DEFENDANTS' MOTION FOR LEAVE TO FILE EXHIBIT UNDER SEAL**

Defendants Waste Pro USA, Inc., Waste Pro of Louisiana, Inc., and Total Waste Solutions, LLC (collectively, the "Corporate Defendants" or "Waste Pro"); along with Michael Scioneaux and Samuel Edwards (the "Individual Defendants") (collectively, "Defendants"); through undersigned counsel and pursuant to Local Civil Rule 5.6, respectfully move this Court for leave to file under seal the unredacted version of Exhibit C to Defendants' concurrently filed Rule 12(b)(6) Motion to Dismiss ("Motion to Dismiss").

Exhibit C is the parties' January 7, 2026 Confidential Settlement Agreement and General Release ("January 7th Release"), which resolved the prior action styled *Debric Broussard v. Waste Pro USA, Inc. et al.*, Docket No. 2:25-cv-02132 (E.D. La., Hon. Sarah Vance presiding) ("2025 Title VII Action"). By its terms, the January 7th Release is confidential and is governed by Louisiana law. (January 7th Release, para. 7).

Consistent with Local Rule 5.6(A), Defendants and Plaintiff conferred to discuss the possibility of filing a redacted version of the release on the public docket. Defendants proposed narrow redactions tied primarily to the settlement amount. Plaintiff responded that he wished for

the entire release to remain confidential other than the actual release-of-claims provisions (para. 5 of the January 7th Release). As a compromise, the parties agreed to the version that was publicly filed with the Motion to Dismiss, which left unredacted various portions of the January 7th Release, including the recital identifying the released action, the release of claims, the affirmations, the governing-law provision, the binding-effect provision, and the signature block.

In accordance with Local Rule 5.6(D)(1), Defendants state as follows:

**Non-confidential description of the portions sought to be sealed.** Sealing is sought for those terms of the January 7th Release that are not dispositive of the Motion to Dismiss. The other terms of the January 7th Release, including the recital identifying the released action, the release of claims, the affirmations, the governing-law provision, the binding-effect provision, and the signature block, appear in the publicly filed redacted version.

**Why sealing is necessary.** The January 7th Release is, by its express terms, a confidential agreement, and the redacted financial terms reflect the private, negotiated consideration the parties agreed to keep confidential. Because Exhibit C is offered in support of a dispositive motion, the narrowly tailored sealing sought here is the least-restrictive means of honoring the parties' confidentiality interest while preserving public access to the substance of the agreement. The accompanying Memorandum in Support sets forth the governing balancing analysis.

**Reference to governing case law.** The applicable standard is set forth in *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021); *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022); and *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845 (5th Cir. 1993), and is analyzed in the accompanying Memorandum in Support.

**Duration and handling.** Defendants request that the unredacted Exhibit C remain under seal until further order of the Court, as provided in Local Rule 5.6(G). The redacted version will remain on the public docket.

Plaintiff, through counsel, has agreed to Defendants' public filing of the redacted January 7th Release. On September 7, 2026, undersigned counsel notified Plaintiff's counsel of Defendants' intention to file this Motion to Seal and inquired whether Plaintiff had an objection. As of this filing, Plaintiff's counsel has not responded.

As required by Local Rule 5.6, this Motion is accompanied by a non-confidential Memorandum in Support and a proposed Order. The unredacted Exhibit C, marked "FILED UNDER SEAL" and with the portions for which sealing is sought highlighted, is submitted under seal as an attachment to this Motion.

WHEREFORE, Defendants respectfully request that the Court grant this Motion and enter the accompanying Order permitting Defendants to file the unredacted Exhibit C under seal.

Respectfully submitted,

LISKOW & LEWIS, APLC

By: /s/ Michael C. Mims
Thomas J. McGoey, II (Bar #18330)
tjmcgoey@liskow.com
Michael C. Mims (#33991)
mmims@liskow.com
Ellen D. George (#39891)
egeorge@liskow.com
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 581-7979

**Counsel for Defendants Waste Pro USA, Inc., Waste Pro of Louisiana, Inc., and Total Waste Solutions, LLC**

LAW OFFICES OF MICHAEL L. MULLIN

By: /s/ Michael L. Mullin
Michael L. Mullin (#9819)
mike@mullinlaw.net
Betty F. Mullin (#9818)
betty@mullinlaw.net
9533 Robin Ln
River Ridge, LA 70123
Phone: (504) 813-6625
Fax: (504) 324-0303

**Counsel for Defendants Michael Scioneaux and Samuel Edwards**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of September 2026, a copy of the foregoing Motion, together with the Memorandum in Support and proposed Order, was served on all parties of record via the Court's CM/ECF system. Pursuant to Local Rule 5.6(E), the unredacted Exhibit C filed under seal is being served on Plaintiff's counsel by a means other than the Court's electronic filing system.

/s/ Michael C. Mims