**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| DEBRIC BROUSSARD,<br><br>Plaintiff,<br><br>vs.<br><br>WASTE PRO USA, INC; WASTE PRO OF LOUISIANA, INC.; TOTAL WASTE SOLUTIONS, LLC; MICHAEL SCIONEAUX; SAMUEL EDWARDS; DOE DEFENDANTS 1- 10,<br><br>Defendants. | Civil Action No. 2:26-cv-00760<br><br>Judge Carl J. Barbier<br><br>Magistrate Judge Donna Phillips Currault |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION FOR LEAVE TO FILE EXHIBIT UNDER SEAL**

Defendants respectfully submit this non-confidential memorandum in support of their Motion for Leave to File Exhibit C—the parties' January 7, 2026 Confidential Settlement Agreement and General Release (the "January 7th Release")—under seal.

## I. Background

Exhibit C is a confidential settlement agreement that resolved the prior action, *Debric Broussard v. Waste Pro USA, Inc. et al.*, Docket No. 2:25-cv-02132 (E.D. La., Hon. Sarah Vance presiding) ("2025 Title VII Action"). Defendants rely on Exhibit C in support of their concurrently filed Rule 12(b)(6) Motion to Dismiss, which contends that the release bars Plaintiff's claims premised on conduct occurring before January 7, 2026.

Consistent with Local Rule 5.6(A), Defendants and Plaintiff conferred to discuss the possibility of filing a redacted version of the release on the public docket. Defendants proposed narrow redactions tied primarily to the settlement amount. Plaintiff responded that he wished for the entire release to remain confidential other than the actual release-of-claims provisions (para. 5

of the January 7th Release). As a compromise, the parties agreed to the version that was publicly filed with the Motion to Dismiss, which left unredacted various portions of the January 7th Release, including the recital identifying the released action, the release of claims, the affirmations, the governing-law provision, the binding-effect provision, and the signature block.

## II. Legal Standard

A district court's decision to seal a document is governed by *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021); and *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845 (5th Cir. 1993).

Those cases hold that the public enjoys a common-law right of access to judicial records. That right is not absolute, but the district court's discretion to seal the record of judicial proceedings is to be exercised with caution. In exercising that discretion, the court must balance the public's common law right of access against the interests favoring nondisclosure, considering the relevant facts and circumstances of the particular case.

## III. Argument

Defendants do not seek to seal Exhibit C wholesale. Following the line-by-line review the Fifth Circuit and Local Rule 5.6(A) require – and pursuant to Plaintiff's demand – Defendants have redacted only those provisions not relevant to the pending Motion to Dismiss. The version filed on the public record provides the recital identifying the released action, the release of claims, the affirmations, the governing-law provision, and the signatures. The public therefore retains access to the provisions material to the Court's resolution of the Motion to Dismiss. This approach keeps any sealing congruent to the need.

The January 7th Release is expressly confidential and reflects privately negotiated monetary consideration. The parties' interest in maintaining the confidentiality of settlement

payment terms is a legitimate interest favoring nondisclosure, and here it is weighed against a diminished public interest: the sealed material is limited to information that is not necessary for the public to understand the basis of the Court's ruling on the Motion to Dismiss.

Plaintiff, through counsel, has agreed to Defendants' public filing of the redacted January 7th Release. On September 7, 2026, undersigned counsel notified Plaintiff's counsel of Defendants' intention to file this Motion to Seal and inquired whether Plaintiff had an objection. As of this filing, Plaintiff's counsel has not responded.

## IV. Conclusion

For these reasons, Defendants respectfully request that the Court grant leave to file the unredacted Exhibit C under seal, to remain under seal until further order of the Court.

Respectfully submitted,

LISKOW & LEWIS, APLC

By: /s/ Michael C. Mims
Thomas J. McGoey, II (Bar #18330)
tjmcgoey@liskow.com
Michael C. Mims (#33991)
mmims@liskow.com
Ellen D. George (#39891)
egeorge@liskow.com
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 581-7979

**Counsel for Defendants Waste Pro USA, Inc., Waste Pro of Louisiana, Inc., and Total Waste Solutions, LLC**

LAW OFFICES OF MICHAEL L. MULLIN

By: /s/ Michael L. Mullin
Michael L. Mullin (#9819)

mike@mullinlaw.net
Betty F. Mullin (#9818)
betty@mullinlaw.net
9533 Robin Ln
River Ridge, LA 70123
Phone: (504) 813-6625
Fax: (504) 324-0303

**Counsel for Defendants Michael Scioneaux and Samuel Edwards**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September 2026, a copy of the foregoing Memorandum in Support was served on all parties of record via the Court's CM/ECF system.

/s/ Michael C. Mims