UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEBRIC BROUSSARD | * | CIVIL ACTION |
| VERSUS | * | NO. 26-760 |
| WASTE PRO USA, INC., ET AL. | * | SECTION "J" (2) |

**ORDER AND REASONS**

Pending before me is the Motion for Leave to File Exhibit Under Seal filed by defendants Waste Pro USA, Inc.; Waste Pro of Louisiana, Inc.; Total Waste Solutions, LLC; Micheal Scioneaux; and Samuel Edwards. ECF No. 12. They request leave to file under seal a redacted version of a confidential settlement agreement reached in an earlier case based on the negotiated confidentiality provision that was material to the settlement terms. ECF No. 12-1 at 2-3.

Having considered the record, the submissions and argument of counsel, and the applicable law, the Motion is **GRANTED** for the reasons stated herein.

## I. APPLICABLE LAW

There is a presumption in favor of access to judicial records,[1] and the standard for placing a document under seal is different from that governing whether unfiled discovery should be kept confidential.[2] Because the sealing of judicial records is the exception rather than the norm, the court must be "ungenerous" with its discretion to seal judicial records.[3] Before sealing a document, the court must assess governing case law and determine that sealing is necessary. "To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring

[1] *8fig, Inc. v. Stepup Funny, L.L.C.*, 135 F.4th 285, 293 (5th Cir. 2025).
[2] *See Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021); Local Rule 5.6.
[3] *Le,* 990 F.3d at 418; *see June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–21 (5th Cir. 2022).

nondisclosure."[4] "Sealings must be explained at a level of detail that will allow for [appellate] review. And a court abuses its discretion if it makes no mention of the presumption in favor of the public's access to judicial records and fails to articulate any reasons that would support sealing."[5]

While there is a presumption of public access to judicial records, courts have recognized that this access is not absolute.[6] In certain cases, litigants may have good reasons to file documents under seal.[7] For instance, courts have found compelling interests in secrecy when a case involves a minor, protected banking or financial information, trade secrets, and national security matters.[8] Courts also recognize the strong interest in keeping personal financial records from public view, particularly when the information is that of a non-party individual.[9]

The party seeking to overcome the presumption of public access bears the burden to show that its privacy interests outweigh the presumption, and the court should construe any doubt in favor of disclosure.[10] The party "must explain in particularity the necessity for sealing."[11] This requires the movant to "not only point to specific confidential information contained in the document, but also show the specific harm that would be suffered if the public were granted access to this document."[12]

---

[4] *June Med. Servs.*, 22 F.4th at 521 (citation modified).
[5] *Le*, 990 F.3d at 419 (citation modified); *accord. United States v. Ahsani*, 76 F.4th 441, 452 (5th Cir. 2023).
[6] *See, e.g., S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information); *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La. Jan. 8, 2020) (citation modified) (noting that courts have recognized "parties' strong interest in keeping their detailed financial information sealed" because the public has a "relatively minimal interest in that particular information"); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, No. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers).
[7] *Le*, 990 F.3d at 419.
[8] *Doe v. Crawford*, 702 F. Supp. 3d 509, 513 (S.D. Miss. 2023).
[9] *St. Charles-Guillot Inv., LLC v. One Source Roofing, Inc.*, No. 23-30, 2024 WL 5440833, at *2 (E.D. La. Oct. 21, 2024).
[10] *Weiss v. Allstate Ins. Co*., No. 06-3774, 2007 WL 2377119, at *4 (E.D. La. Aug. 16, 2007); *Marcus v. St. Tammany Par. Sch. Bd*., No. 95-3140, 1997 WL 313418, at *5 (E.D. La. June 9, 1997)).
[11] *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019).
[12] *Omega Hosp., LLC v. Cmty. Ins. Co*., No. 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015).

## II. ANALYSIS

The party seeking to seal a document from public view carries the burden to establish that sealing is proper.[13] Consistent with Local Rule 5.6, the parties have proposed specific redactions of confidential terms that are not relevant to the pending matter rather than requesting the wholesale sealing of an entire document. Further, the parties have conducted the required line-by-line analysis and proposed to redact only those confidential terms not relevant to this matter.

After having reviewed the proposed redactions, the undersigned agrees that the filing of the redacted version achieves the balance of the parties' privacy interests in their settlement with the public's right of access.[14]

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the Motion for Leave to File Under Seal filed by Waste Pro USA, Inc.; Waste Pro of Louisiana, Inc.; Total Waste Solutions, LLC; Micheal Scioneaux; and Samuel Edwards (ECF No. 12) is **GRANTED**.

Dated this 9th day of September, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

[13] *See BP Expl. & Prod., Inc.*, 920 F.3d at 211.
[14] *Le*, 990 F.3d at 419; *United States v. Planned Parenthood Fed'n of Am.*, No. 21-22, 2023 WL 8116198, at *4 (N.D. Tex. Aug. 4, 2023).