**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DEBRIC BROUSSARD,**<br><br>Plaintiff,<br>v.<br><br>**WASTE PRO USA, INC; WASTE PRO OF LOUISIANA, INC.; TOTAL WASTE SOLUTIONS, LLC; MICHAEL SCIONEAUX; SAMUEL EDWARDS; DOE DEFENDANTS 1-10**<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action**<br><br>**NO. 2:26-cv-00760-CJB-DPC** |

**PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE OPPOSITIONS TO DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SANCTIONS**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Debric Broussard, who respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and Local Rule 7.5, to grant an extension of time to file Plaintiff's Memoranda in Opposition to Defendants' pending Motion to Dismiss and Motion for Sanctions Pursuant to Rule 11.

In support of this Emergency Motion, Plaintiff respectfully represents as follows:

I. BACKGROUND AND STATEMENT OF GOOD CAUSE

1. On or about September 4, 2026, Defendants filed a Motion for Sanctions [Rec. Doc. 10] and a Motion to Dismiss [Rec. Doc. 11]. Both motions were originally assigned a submission date of September 30, 2026.
2. Under Local Rule 7.5, opposition memoranda are typically due eight (8) calendar days prior to the submission date, which calculated to September 22, 2026.

3. Simultaneously during this period, counsel for Plaintiff and counsel for Defendants were actively engaged in good-faith communications regarding whether the parties would consent to the jurisdiction of the Magistrate Judge or transfer the case to the District Judge.
4. On September 21, 2026—just one day before the technical opposition deadline—this Court issued an Order stating: *"The Court having been advised that the parties to this proceeding have not consented to proceed to trial before the Magistrate Judge, IT IS HEREBY ORDERED that the referral in this matter is VACATED, and the case shall proceed before the undersigned District Judge."* [Rec. Doc. 17].
5. Prior to the vacatur, the Magistrate Judge had scheduled an initial/scheduling conference in this matter for September 24, 2026. Counsel for Plaintiff operated under the reasonable, good-faith belief that the case transfer, the overall scheduling of the matter, and the handling of the pending motions would be addressed directly during that September 24 conference.
6. Based on the impending conference and the sudden vacatur of the magistrate referral 24 hours prior to the deadline, Plaintiff's counsel operated under a good-faith misunderstanding that the pending submission calendar and opposition deadlines would be reset or adjusted by the District Judge.
7. Consequently, Plaintiff inadvertently missed the September 22, 2026 filing deadline. Plaintiff immediately realized the oversight following the conference date and moves with the utmost diligence to rectify it.

## II. LEGAL STANDARD

8. Federal Rule of Civil Procedure 6(b)(1)(B) provides that when an act must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.

9. In determining excusable neglect, federal courts weigh equity, including the danger of prejudice to the opposing party, the length of the delay, the reason for the delay (including whether it was within the reasonable control of the movant), and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

10. Here, the delay is a matter of only forty-eight (48) hours. There is absolutely no prejudice to Defendants, as the ultimate submission date of September 30, 2026, has not yet occurred. Plaintiff has acted in complete good faith, and the confusion arose directly from a major procedural shift in the case (the vacating of the magistrate referral) occurring 24 hours prior to the deadline.

11. Plaintiffs Memorandums in Opposition to the Motion for Sanctions and the Motion to Dismiss are filed herewith.

III. STATEMENT OF CONFERRAL

12. Undersigned counsel contacted counsel for Defendants, Mr. Michael Mims, regarding this request. Mr. Mims indicated that Plaintiff should proceed with filing a formal motion for the Court's consideration. Out of an abundance of caution, this motion is presented as opposed.

WHEREFORE, Plaintiff, Debric Broussard, respectfully requests that this Emergency Motion be granted, and that the Court extend Plaintiff's deadline to file Oppositions to Defendants' Motion to Dismiss and Motion for Sanctions to October 2,

2026 [or alternative date preferred by counsel], or alternatively, continue and reset the submission date for both underlying motions.

Dated: September 24, 2026

Respectfully submitted,

/s/ *Jonathan Rhodes*__________
Jonathan Rhodes La. Bar #32649
The Rhodes Law Firm, LLC
1937 Peniston Street
New Orleans, LA 70115
T: 504-475-0975 F: 504-475-1013
E: jonathan@therhodeslawfirm.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of September, 2026, a copy of the foregoing First Amended Complaint was filed electronically through the Court's CM/ECF system, which will send a Notice of Electronic Filing to all registered attorneys of record in this matter.

/s/ Jonathan M. Rhodes
Attorney for Plaintiff