**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| DEBRIC BROUSSARD,<br><br>Plaintiff,<br><br>vs.<br><br>WASTE PRO USA, INC; WASTE PRO OF LOUISIANA, INC.; TOTAL WASTE SOLUTIONS, LLC; MICHAEL SCIONEAUX; SAMUEL EDWARDS; DOE DEFENDANTS 1- 10,<br><br>Defendants. | Civil Action No. 2:26-cv-00760<br><br>Judge Carl J. Barbier<br><br>Magistrate Judge Donna Phillips Currault |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TIME**

Defendants respectfully oppose Plaintiff's Emergency Motion for Extension of Time (Rec. Doc. 19) ("Motion"). Plaintiff shows no good cause and no excusable neglect. The September 22, 2026 deadline to oppose Defendants' Motion to Dismiss[1] and the Motion for Sanctions[2] was fixed and unambiguous under Local Rule 7.5, and nothing about the Court's September 21, 2026 order vacating the magistrate referral (Rec. Doc. 17) altered it. That order reassigned the case to the District Judge; it did not reset, suspend, or continue any briefing deadline, and it said nothing to suggest otherwise. Plaintiff's asserted "good-faith misunderstanding" that his deadlines "would be reset or adjusted" was therefore the product of nothing but assumption, and a party's unilateral, mistaken assumption about a deadline squarely within his own control is not excusable neglect under Rule 6(b)(1)(B).

---

[1] Rec. Doc. 11.
[2] Rec. Doc. 15.

Tellingly, Plaintiff filed his opposition memoranda simultaneous with his Motion – so he asks the Court not for time he needs but for retroactive absolution of a deadline he simply let pass.

This latest default is not an isolated oversight. It is the continuation of the very pattern of delay and disregard for the law that Defendants documented in their pending Motion for Sanctions (Rec. Doc. 15) — including Plaintiff's failure to dismiss the released, pre-January 7, 2026 claims, his failure to cure the defects identified in Defendants' Rule 11 letter by the August 18, 2026 deadline, and his continued prosecution of claims barred by a settlement he knowingly executed. Having already forced Defendants to move for sanctions to obtain compliance, Plaintiff now asks the Court to excuse yet another missed deadline on a manufactured theory of confusion. The Court should decline to reward that conduct and should deny the Motion.

Should the Court nonetheless grant the extension and deem Plaintiff's oppositions timely filed, Defendants respectfully request that the Court also reset the submission date for Defendants' Motion to Dismiss and the Motion for Sanctions to a date not less than eight (8) days after the Court's order granting the extension. Plaintiff's late filing has already consumed the interval between his opposition deadline and the current September 30, 2026 submission date, leaving Defendants without the reply period they would ordinarily have under Local Rule 7.5. Resetting the submission date to eight days after the order would preserve Defendants' normal timeline to file replies in support of their motions and would impose no prejudice on Plaintiff.

Defendants respectfully submit the accompanying proposed order for the Court's consideration.

**[signatures contained on the following page]**

Respectfully submitted,

LISKOW & LEWIS, APLC

By: /s/ Michael C. Mims
Thomas J. McGoey, II (Bar #18330)
tjmcgoey@liskow.com
Michael C. Mims (#33991)
mmims@liskow.com
Ellen D. George (#39891)
egeorge@liskow.com
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 581-7979

**Counsel for Defendants Waste Pro USA, Inc., Waste Pro of Louisiana, Inc., and Total Waste Solutions, LLC**

LAW OFFICES OF MICHAEL L. MULLIN

By: /s/ Michael L. Mullin
Michael L. Mullin (#9819)
mike@mullinlaw.net
Betty F. Mullin (#9818)
betty@mullinlaw.net
9533 Robin Ln
River Ridge, LA 70123
Phone: (504) 813-6625
Fax: (504) 324-0303

**Counsel for Defendants Michael Scioneaux and Samuel Edwards**

## CERTIFICATION

I hereby certify that on this 24th day of September 2026, a copy of the foregoing pleading was served on all parties of record via the Court's ECF system and/or electronically via their email address designated for service.

/s/ Michael C. Mims