**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| DEBRIC BROUSSARD,<br><br>Plaintiff,<br><br>vs.<br><br>WASTE PRO USA, INC; WASTE PRO OF LOUISIANA, INC.; TOTAL WASTE SOLUTIONS, LLC; MICHAEL SCIONEAUX; SAMUEL EDWARDS; DOE DEFENDANTS 1- 10,<br><br>Defendants. | Civil Action No. 2:26-cv-00760<br><br>Judge Carl J. Barbier<br><br>Magistrate Judge Donna Phillips Currault |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF**
**THEIR RULE 12(b)(6) MOTION TO DISMISS**

Defendants Waste Pro USA, Inc., Waste Pro of Louisiana, Inc., Total Waste Solutions, LLC, Michael Scioneaux, and Samuel Edwards (collectively, "Defendants") respectfully submit this reply memorandum in support of their Rule 12(b)(6) Motion to Dismiss ("Motion," found at ECF Doc. #11).

Plaintiff's Opposition (ECF Doc. #21) answers a motion Defendants did not file. Defendants moved to dismiss all claims that are premised on conduct occurring before January 7, 2026. Yet the bulk of Plaintiff's brief defends claims based on *post*-January 7 alleged conduct — the alleged Geaux Waste communications and the prospective-employment interference theory. Those allegations are not the subject of the Motion, and Defendants do not seek their dismissal here.[1]

[1] To be clear, Defendants' Motion for Sanctions seeks a full dismissal with prejudice – a different issue addressed in the reply in support of that motion, being filed contemporaneously with this memorandum.

On the claims actually targeted by the Motion, Plaintiff concedes the dispositive facts. He does not dispute the enforceability of the January 7th Release, that it is governed by Louisiana law, or that a release may be enforced on a Rule 12(b)(6) motion. He does not dispute that all Defendants were released parties under the January 7th Release (Oppo. pp. 15-16). And he offers no answer to the controlling authority — *Gupta v. East Texas State University* — which establishes that his pre-January 7 retaliation claims could have been brought in the 2025 Title VII Action and are therefore released. His constructive-discharge and lost-wages claims fail for the additional, independent reasons set out in the Motion. The pre-January 7 claims should be dismissed with prejudice.

## ARGUMENT

### A. Plaintiff's post-January 7 arguments relate to claims not targeted by the Motion.

The Motion is expressly partial. (Motion, p. 2). It seeks dismissal of the pre-January 7 claims — the hostile-workplace, isolation, mishandled-HR-complaint, constructive-discharge, and lost-wages allegations. The Motion to Dismiss does not seek dismissal of any allegations concerning Geaux Waste or any communication Plaintiff contends occurred after January 7, 2026. Defendants agree, for present purposes only, that the release-based Motion does not reach conduct that genuinely postdates execution of the January 7th Release.

### B. The pre-January 7 retaliation claims could have been brought in the 2025 Title VII Action and are released.

The January 7th Release discharged all claims Plaintiff "has or may have against the Released Parties as of the date of execution of this Agreement that were or could have been brought in Case No. 2:25-cv-02132-SSV-MBN." (ECF Doc. 12-5, para. 5). Every pre-January 7, 2026 act the Amended Complaint alleges — retaliation beginning in May 2025, the July 2025 isolation, Scioneaux's June 2025 disclosures, the October 2025 HR complaint, and the

constructive discharge culminating December 19, 2025 — predates execution and could have been asserted in the 2025 Title VII Action.

Plaintiff incorrectly responds that these claims could not have been brought in the 2025 Title VII Action because he had not administratively exhausted them when that matter settled. That argument fails, and Plaintiff never confronts the Fifth Circuit authority that defeats it. In *Gupta v. East Texas State University*, the Fifth Circuit held that a district court properly exercises jurisdiction over a retaliation claim growing out of an earlier EEOC charge, and that it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge. *Gupta v. E. Texas State Univ*., 654 F.2d 411, 414 (5th Cir. 1981). Plaintiff's retaliation claims are, by his own description, retaliation for filing and pursuing the first EEOC charge and the 2025 Title VII Action. (Am. Compl., paras. 1, 3, 5, 7, 10). Under *Gupta*, they required no separate exhaustion and thus could have been brought in the 2025 Title VII Action. The Opposition does not cite *Gupta*, distinguish it, or acknowledge it.

Plaintiff's contrary authorities are inapposite. (Oppo., p. 7). *Pacheco*, *Fine*, and *Young* address whether a *new and different* kind of discrimination claim falls within the scope of a prior charge; none concerns retaliation for the very activity charged, which *Gupta* squarely governs. *See Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006) (complaint's allegation related to a disparate impact claim did not grow out of the disparate treatment allegations from earlier EEOC charge); *Fine v. GAF Chemical Corp*., 995 F.2d 576, 577–78 (5th Cir. 1993) (complaint's allegation related to a distinct incident that did not grow out of allegations from earlier EEOC charge); *Young v. City of Houston, Tex.*, 906 F.2d 177, 179–80 (5th Cir. 1990) (complaint's allegation related to sex-discrimination did not grow out of earlier EEOC charge alleging only race and age discrimination).

Nor does Federal Rule of Civil Procedure 18 bear the weight Plaintiff assigns it: Defendants do not argue that Rule 18 defines the scope of a private compromise. The scope is defined by the Release's own words — "could have been brought" — and *Gupta* establishes that these claims could have been.

The Court should not permit Plaintiff to carve released claims out of a general release through his own failure to exhaust administrative remedies, as it would reward a lack of diligence and contradict the strong federal policy favoring enforcement of settlements. *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 934 (5th Cir. 1994). That is particularly true when the parties promised in the January 7th Release that they "wish[ed] to resolve and settle their differences without resort to further litigation." (ECF Doc. 12-5 at 1). Plaintiff cannot now claim that he intended to carve out claims for which he had not yet exhausted administrative remedies, which is contradicted by the plain terms of the January 7th Release.

**C. Plaintiff does not challenge the enforceability of the January 7th Release.**

Plaintiff's Opposition confirms that he does not challenge the enforceability of the January 7th Release. (Oppo., p. 15; "Plaintiff is not attempting to disavow the January 7 agreement."). His duress allegations are directed exclusively at the December 19, 2025 workers'-compensation mediation agreement.

Plaintiff's concession on the enforceability of the January 7th Release is dispositive. Even if the December 19 resignation were voidable (it is not), Plaintiff released any and all claims existing as of January 7, 2026 when he signed the later release, including any claim arising from the circumstances of his resignation. The January 7th Release is enforceable and bars all claims predicated on conduct occurring before January 7, 2026.

**D. The constructive-discharge and lost-wages claims fail for additional reasons.**

Plaintiff's constructive-discharge and lost-wages claims are barred not only because of the January 7th Release, but also for additional reasons.

First, Plaintiff's resignation is established as voluntary by his own sworn statements. In the January 15th Release he promised that "his resignation was voluntary and of his own free will and that he was not forced to resign," and he swore by notarized affidavit that he signed as his own free act and deed. (Ex. D at 5). The Office of Workers' Compensation approved the settlement as fair and equitable and found Plaintiff fully advised of his rights. (Ex. E, p. 3). Under La. R.S. 23:1272, that approval may not be set aside absent fraud or misrepresentation, which Plaintiff does not allege. Plaintiff's rejoinder — that the OWC did not adjudicate his federal retaliation claim — misses the point: the OWC proceedings establish the voluntariness of the resignation, and a voluntary resignation is not a constructive discharge.

Second, a constructive-discharge claim requires working conditions "so intolerable that a *reasonable person* in the employee's position would have felt compelled to resign."*Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 480 (5th Cir. 2008) (emphasis added). A negotiated resignation, agreed to at a mediation while represented by counsel and in exchange for $50,000, does not meet that objective standard as a matter of law.

Third, the lost-wages claim is separately barred by Plaintiff's own affirmation in the January 7th Release that he had been paid "all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled" (ECF Doc. 12-5, para. 6(b)). Having accepted consideration for that affirmation, Plaintiff cannot now seek the very wages he swore he was not owed.

**E. Louisiana compromise law supports dismissal.**

Plaintiff also misses the mark in invoking Louisiana Civil Code articles 3076 and 3078 and *Brown v. Drillers, Inc.* for the principle that a compromise settles only what the parties intended and does not reach rights "subsequently acquired." *Brown v. Drillers, Inc.*, 630 So. 2d 741 (La. 1994). That principle helps Defendants, not Plaintiff, as to the pre-January 7 claims. Those claims were not subsequently acquired; by definition they arose from conduct before execution and were therefore claims Plaintiff had "as of the date of execution." (ECF Doc. 12-5, para. 5). The intent the parties expressed — "to resolve and settle their differences without resort to further litigation" — reaches every pre-January 7 claim in the Amended Complaint. (ECF Doc. 12-5 at 1).

**F. Amendment as to the pre-January 7 claims would be futile.**

Plaintiff's alternative request for leave to amend should be denied as it would be futile. An amendment is futile when the amended complaint "could not survive a motion to dismiss." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). No amendment can change the dates of the conduct alleged or undo the January 7th Release. Plaintiff already attempted to amend the Complaint once — in response to Defendants' Rule 11 letter — and failed to show how the pre-January 7 claims survive the January 7th Release. A district court properly denies leave to amend where the plaintiff has already amended and has not shown how a further amendment would cure the defect. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014); *Salinas v. City of Houston*, 138 F.4th 822 (5th Cir. 2025). The Court should not grant Plaintiff an additional, futile opportunity, as it would serve only to waste the time and resources of the parties and the Court.

Because the pre-January 7 claims are barred as a matter of law regardless of how they are repleaded, dismissal of those claims should be with prejudice.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court grant the Motion and dismiss with prejudice all claims in the First Amended Complaint predicated on conduct occurring before January 7, 2026, including the allegations relating to a hostile workplace, isolation of Plaintiff from his coworkers, mishandling of Plaintiff's complaints to Human Resources, constructive discharge, and lost wages, and grant such other and further relief as this Court deems just and proper.

**[signatures contained on the following page]**

Respectfully submitted,

LISKOW & LEWIS, APLC

By: /s/ Michael C. Mims
Thomas J. McGoey, II (Bar #18330)
tjmcgoey@liskow.com
Michael C. Mims (#33991)
mmims@liskow.com
Ellen D. George (#39891)
egeorge@liskow.com
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 581-7979

**Counsel for Defendants Waste Pro USA, Inc., Waste Pro of Louisiana, Inc., and Total Waste Solutions, LLC**

LAW OFFICES OF MICHAEL L. MULLIN

By: /s/ Michael L. Mullin
Michael L. Mullin (#9819)
mike@mullinlaw.net
Betty F. Mullin (#9818)
betty@mullinlaw.net
9533 Robin Ln
River Ridge, LA 70123
Phone: (504) 813-6625
Fax: (504) 324-0303

**Counsel for Defendants Michael Scioneaux and Samuel Edwards**

**CERTIFICATION**

I hereby certify that on this 30th day of September 2026, a copy of the foregoing pleading was served on all parties of record via the Court's ECF system and/or electronically via their email address designated for service.

/s/ Michael C. Mims