**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| DEBRIC BROUSSARD,<br><br>Plaintiff,<br><br>vs.<br><br>WASTE PRO USA, INC; WASTE PRO OF LOUISIANA, INC.; TOTAL WASTE SOLUTIONS, LLC; MICHAEL SCIONEAUX; SAMUEL EDWARDS; DOE DEFENDANTS 1- 10,<br><br>Defendants. | Civil Action No. 2:26-cv-00760<br><br>Judge Carl J. Barbier<br><br>Magistrate Judge Donna Phillips Currault |

**DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING THEIR MOTION FOR SANCTIONS**

Defendants Waste Pro USA, Inc., Waste Pro of Louisiana, Inc., and Total Waste Solutions, LLC (collectively, "Defendants"), respectfully object under Federal Rule of Civil Procedure 72(a) to the portion of the Magistrate Judge's October 8, 2026 Report and Recommendation ("Order," found at ECF Doc. #27) that ordered the denial of their Motion for Sanctions Pursuant to Rule 11 ("Motion," found at ECF Doc. #15), and move this Honorable Court to set aside that ruling and award Defendants their reasonable attorneys' fees and costs incurred as a result of Plaintiff's Rule 11 violations.

The Magistrate Judge addressed only half of Defendants' motion – finding that Plaintiff's *legal* interpretations did not violate Rule 11, but wholly failing to address Defendants' contention that Plaintiff violated Rule 11 by making *factual* allegations contradicted by the evidence, an independent basis for sanctions. Plaintiff still has not withdrawn these false factual allegations and presumably intends to continue asserting them in this litigation.

Rule 11(b) imposes two independent certifications: that legal contentions are nonfrivolous under Rule 11(b)(2) and, separately, that factual contentions have evidentiary support under Rule 11(b)(3). *See Marlin v. Moody Nat'l Bank, N.A.*, 533 F.3d 374, 381–82 (5th Cir. 2008). Defendants' Motion asserted that Plaintiff committed both types of Rule 11 violations. In addition to arguing that Plaintiff's claims were barred by the parties' previous settlements, Defendants also argued that the Amended Complaint alleged facts that were "flatly contradicted by Plaintiff's own sworn statements" – namely, Plaintiff's false contention that Defendants forced him to quit and he was thereby deprived of wages. (ECF Doc. #24, p. 1).

The Order does not address Defendants' contention that Plaintiff violated Rule 11(b)(3) by making factual assertions which lacked evidentiary support and were contradicted by his sworn, pre-suit statements. By resolving the Motion solely under the legal-argument prong and never reaching the factual-support prong, the Order misapplies controlling Fifth Circuit authority and is therefore contrary to law.

## BACKGROUND

Plaintiff has alleged – and will likely continue to argue – that he was forced out of his employment, which is demonstrably false. Specifically, in his 2026 Complaint and Amended Complaint, Plaintiff alleged that Defendants constructively discharged Plaintiff through their creation of a hostile workplace, depriving him of wages and back pay. (Am. Compl. at paras. 44-48, 80). At the time Plaintiff made these allegations, he knew they were false.

The current action was preceded by two other 2025 legal proceedings brought by Plaintiff: (1) a worker's compensation proceeding related to a May 2025 workplace injury, after which Plaintiff never returned to work ("Worker's Compensation Action"); and (2) a Title VII action filed in this district, asserting claims of racial and disability discrimination, harassment, hostile

work environment, and failure to accommodate. *See Broussard v. Waste Pro USA, Inc., et al.*, No. 25-cv-02132 (E.D. La., Hon. Sarah S. Vance) ("2025 Title VII Action").

On December 19, 2025, the parties in the Worker's Compensation Action participated in a successful mediation. That same day, Plaintiff *and his attorney* signed a mediation agreement, by which Plaintiff agreed to "a voluntary resignation of his employment with the employer and to not seek re-employment with employer." (ECF Doc. #11-3) ("Mediation Agreement").

On January 7, 2026, Plaintiff signed a release resolving the 2025 Title VII Action ("January 7th Release"). In that agreement, Plaintiff agreed to a broad release and attested he had been paid "all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled" (ECF Doc. #12-5, para. 6(b)).

On January 15, 2026, before a notary and two witnesses, Plaintiff signed a release formalizing the settlement of the Worker's Compensation Action ("January 15th Release"). In that agreement, he "warrants and decrees that he has resigned from his employment with Waste Pro USA," and "acknowledges that his resignation was voluntary and of his own free will and that he was not forced to resign." (ECF Doc. #11-5, p. 5). That same day, he submitted an affidavit in connection with the petition for approval of the worker's compensation settlement by the Office of Worker's Compensation ("OWC"), in which he swore "that he fully understands [the settlement] and has entered into this compromise settlement freely and voluntarily and with full knowledge of its contents and meaning." (ECF Doc. #11-6, p. 21). On January 16, 2026, the OWC granted the petition, approving of the settlement as "fair and equitable" and found that Plaintiff "has been fully advised of his rights under the laws of Louisiana." (ECF Doc. #11-6, p. 3).

On April 13, 2026, Plaintiff filed the current action, falsely alleging, among other things, that Defendants forced him out of his job and thereby deprived him of wages. Such allegations

were contradicted by at least three agreements signed by Plaintiff – the Mediation Agreement, the January 7th Release, and the January 15th Release – plus an order of the OWC acknowledging that the January 15th Release was fair and that Plaintiff freely entered into it. Crucially, Plaintiff has never contended that he was under duress when signing the January 7th Release or January 15th Release, nor has he otherwise challenged the enforceability of those agreements.

On July 28, 2026, Defendants served their Rule 11 motion, and demanded that Plaintiff cure his defective allegations by August 18 — including his false factual allegation that Defendants forced him to quit and deprived him of wages. (ECF Doc. #15-2). Rather than withdraw those allegations, on August 24, Plaintiff amended his Complaint and re-pleaded the constructive-discharge and lost-wage allegations. (ECF Doc. #9; ECF Doc. #24, p. 3). Defendants responded with a Partial Motion to Dismiss, seeking dismissal of all pre-January 7 claims, in light of the January 7th Release. (ECF Doc. #11). Defendants also filed a Motion for Sanctions, based on (1) the Amended Complaint's assertion of pre-January 7 claims that were barred *as a matter of law* by the January 7th Release, and (2) the Amended Complaint's frivolous *factual* allegations that Defendants forced Plaintiff out of his job. (ECF Doc. #15).

Plaintiff did not timely oppose either motion. After his deadline lapsed, Plaintiff sought leave to file untimely oppositions. (ECF Doc. #19), which the Magistrate granted. (ECF Doc. #23). Plaintiff's oppositions focused on his argument that the January 7th Release barred only claims that "were or could have been brought" in the 2025 Title VII Action — and that his new claims could not have been brought there because he had not yet exhausted his administrative remedies. (ECF Doc. #20, p. 8; ECF Doc. #21, p. 4). Plaintiff's position was clearly contrary to the controlling Fifth Circuit authority, which Plaintiff wholly failed to address despite Defendants

having pointed it out in their motion to dismiss. (ECF Doc. #11-1, p. 13, discussing *Gupta v. East Tex. State Univ*., 654 F.2d 411, 414 (5th Cir. 1981)).

The Magistrate Judge recommended that the Partial Motion to Dismiss be granted, agreeing with Defendants that *Gupta* controlled and concluding that the pre-January 7 retaliation claims were barred by the January 7th Release. (ECF Doc. #27, pp. 13–14). On the Motion for Sanctions — which was referred to her for disposition — the Order addressed only Plaintiff's legal argument that the January 7th Release did not bar his retaliation claim. The Order concluded that Plaintiff "may not have the better end of the legal argument," but that "his good faith arguments based on existing law are sufficient to preclude a finding of a Rule 11 violation." (*Id.*, p. 14).

The Order did not reach the second basis for Defendants' Motion for Sanctions – that Plaintiff lacked evidentiary support for his *factual* allegation that he was forced out of his job and deprived of wages. Plaintiff has not withdrawn that allegation – to the contrary, he has continued to assert it in briefing before the Court. *See* ECF Doc. #20, p. 11 ("Defendants contend that Plaintiff's resignation was voluntary. Plaintiff disputes that characterization.").

## **STANDARD OF REVIEW**

The Motion was referred to the Magistrate Judge for disposition, and she entered an order denying it. (ECF Doc. #27, p. 1). A ruling on a sanctions motion that does not dispose of any claim or defense is a nondispositive pretrial matter reviewed under Rule 72(a). *See Stancu v. Hyatt Corp./Hyatt Regency Dallas*, 791 F. App'x 446, 446–47 (5th Cir. 2019) (reviewing a magistrate judge's "nondispositive sanction order").

Under Rule 72(a), the District Judge "must modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Within that standard, factual findings are reviewed under a clearly erroneous standard, while legal conclusions are reviewed *de novo*.

*Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014). An order is "contrary to law" when the Magistrate Judge "fails to apply or misapplies relevant statutes, case law, or rules of procedure," and for a pure question of law "there is no practical difference between review under Rule 72(a)'s contrary to law standard and a de novo standard." *Muse v. Nat'l Flood Ins. Program*, No. 17-10586, 2019 WL 968371, at *1 (E.D. La. Feb. 28, 2019).

The error here — finding no *factual* frivolousness in light of Plaintiff's good faith *legal* interpretation — conflates sections (b)(2) and (b)(3) of Rule 11 and is contrary to law.

## ARGUMENT

### A. The Order is contrary to law because it resolved the Motion solely under Rule 11(b)(2) and never addressed the independent Rule 11(b)(3) factual-support prong.

Rule 11(b) sets out separate and independent certifications. Subsection (b)(2) concerns legal contentions; subsection (b)(3) separately certifies that "the factual contentions have evidentiary support." These prongs are not interchangeable. *See Marlin,* 533 F.3d at 381-82 (monetary sanctions may be awarded against a party for violations of Rule 11(b)(3), but not Rule 11(b)(2)); *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 567–68 (5th Cir. 2006) (sanctions imposed not for a "*legally* frivolous" pleading but "for the numerous *factually* groundless allegations in [the] Complaint.") (emphasis in original). The two grounds stand on their own: a nonfrivolous legal theory does not immunize a factual allegation that lacks evidentiary support.

The Order seemingly overlooked that Defendants asserted violations of both sections (b)(2) and (b)(3) of Rule 11. The Order's entire stated rationale for finding no Rule 11 violation was its assertion that Plaintiff's "good faith arguments *based on existing law* are sufficient to preclude a finding of a Rule 11 violation." (ECF Doc. #27, p. 14) (emphasis added). In other words, according to the Magistrate Judge, Plaintiff made a good faith misinterpretation on whether he exhausted his

administrative remedies under 42 U.S.C. § 2000e-5, thereby causing him to misinterpret the scope of the January 7th Release. (ECF Doc. #27, p. 14).

That is a Rule 11(b)(2) analysis — and only that. It answers whether Plaintiff's interpretation of the January 7th Release was legally colorable. It does not answer the distinct question Defendants put at the center of the Motion: whether the constructive-discharge allegation had any evidentiary support when the Amended Complaint was signed, given Plaintiff's own sworn statements that he resigned voluntarily and "was not forced to resign." (ECF Doc. #11-5, p. 5).

The Order likewise did not address Plaintiff's false allegation that his early termination deprived him of wages (Am. Compl. at para. 110) – which was plainly contradicted by his earlier sworn statement in the January 7th Release that he had been paid "all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled" (ECF Doc. #12-5, para. 6(b)).

By treating the legal-argument prong as dispositive of the whole Motion, the Order improperly merged the 11(b)(2) and 11(b)(3) analyses contrary to controlling case law. *See Marlin,* 533 F.3d at 381-82; *Skidmore,* 455 F.3d at 567–68. Such application of the wrong legal standard renders the Order contrary to law. *See Muse*, 2019 WL 968371, at *1.

**B. On de novo review, the constructive-discharge and back-pay allegations lack evidentiary support and are sanctionable under Rule 11(b)(3).**

This Court should apply the proper legal standard under Rule 11(b)(3), which reveals that Plaintiff's constructive-discharge and back-pay allegations lack evidentiary support and warrant Rule 11 sanctions.

Rule 11 compliance is judged objectively under the "snapshot" rule, which focuses on "the instant the attorney affixes his signature to the document." *Cordova v. Univ. Hosp. & Clinics, Inc.*,

92 F.4th 266, 273 (5th Cir. 2024) (quoting *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528 (5th Cir. 2016)). The Magistrate Judge recited that same objective standard in the Report. (ECF Doc. #27, p. 9).

**The constructive-discharge allegation**. Judged against that standard, the constructive-discharge allegation fails. Constructive discharge requires Plaintiff to demonstrate that he was forced from his employment.[1] Yet he swore the opposite — multiple times. He agreed to "a voluntary resignation" in the December 19 Mediation Agreement (ECF Doc. #11-3). He then certified, before a notary and two witnesses on January 15, that his "resignation was voluntary and of his own free will and that he was not forced to resign" (ECF Doc. #11-5, p. 5). That same day, he submitted an affidavit in connection with the petition for OWC approval of the worker's compensation settlement, in which he swore "that he fully understands [the settlement] and has entered into this compromise settlement freely and voluntarily and with full knowledge of its contents and meaning." (ECF Doc. #11-6, p. 21). The OWC granted the petition, approving of the settlement as "fair and equitable" and found that Plaintiff "has been fully advised of his rights under the laws of Louisiana." (ECF Doc. #11-6, p. 3).

Counsel had those documents in hand before filing the Amended Complaint. (ECF Doc. #24, p. 1). Re-pleading constructive discharge in the face of his client's own sworn declarations is not an objectively reasonable factual contention.

Plaintiff's response — that he signed the December 19 mediation documents "under duress" — does not rescue the allegation. The duress account is directed at the December 19 Mediation Agreement. It does not touch the January 15th Release, a separate instrument executed

---

[1] *See Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 480 (5th Cir. 2008) (to maintain a claim of constructive discharge, a plaintiff must allege working conditions "so intolerable that a reasonable person in the employee's position would have felt compelled to resign.").

weeks later, before a notary and two witnesses, in which Plaintiff independently swore that *his resignation was voluntary and that he was not forced to resign.* (ECF Doc. #11-5, p. 5). That same day he likewise swore – *in an affidavit submitted to the OWC* – that he was entering the settlement "freely and voluntarily and with full knowledge of its contents and meaning." (ECF Doc. #11-6, p. 21). Plaintiff's allegation that he was constructively discharged cannot be squared with his multiple subsequent statements to the contrary – especially given that the subsequent statements were formally-witnessed, given under oath, and submitted to a state adjudicative tribunal. Neither Plaintiff nor the Order offered a basis for disregarding Plaintiff's subsequent sworn statement.

Nor is this a case for the "need discovery to prove it" principle of *Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 447 (5th Cir. 1992). The dispositive facts here are Plaintiff's own settlement papers and sworn affidavits — documents counsel possessed and relied upon in the pleading itself. (ECF Doc. #24, p. 4). No discovery is required to know what Plaintiff swore.

**The back-pay and lost-wage demand.** The same is true of Plaintiff's demand for back pay and lost wages. This contention does not turn on any disputed reading of the Release's scope; it rests on Plaintiff's own factual representations. In paragraph 6(b) of the January 7th Release, Plaintiff affirmed "that he has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to him by [Defendants], except as provided for in this Agreement or any pending claims." (ECF Doc. #12-5, para. 6(b)). Weeks earlier, he had agreed to "a voluntary resignation of his employment with the employer and to not seek re-employment with employer" (ECF Doc. #11-3), and on January 15 he swore that his resignation was voluntary and that he was not forced to resign (ECF Doc. #11-5, p. 5). Defendants' Rule 11 letter specifically demanded that Plaintiff

withdraw his lost-wage allegations (ECF Doc. #15-2); he instead re-pleaded a demand for lost wages and back pay (ECF Doc. #9, para. 110).

Neither carve-out in paragraph 6(b) justifies Plaintiff's refusal to withdraw his frivolous lost wages and back pay allegations. The back pay Plaintiff seeks is not "provided for in this Agreement," and no retaliation claim was a "pending claim" when he executed the January 7th Release — his second EEOC charge, which underlies this suit, was not filed until on or about January 15. (ECF Doc. #27, p. 5). A demand for back pay from an employer Plaintiff swore he left voluntarily, promised never to return to, and represented owed him nothing has no evidentiary support. The Order does not address this contention at all.

**C. At a minimum, the Order lacks a reviewable explanation on the factual ground and should be set aside.**

Even setting aside the merits, the Order cannot stand as written because it supplies no reasoning on the factual-frivolousness ground at all. When a court denies Rule 11 sanctions, it "must provide an explanation of its denial sufficient for th[e] court to understand the … disposition," and the Fifth Circuit "require[s] a reviewable explanation of a sanctions ruling, whether it be a grant or a denial." *Armendariz v. Chowaiki*, 683 F. App'x 338, 342 (5th Cir. 2017). A denial that gives "no explanation" on a point raised is reversible, and the proper course is a remand for "a brief statement, on each point, of the reasons for denying sanctions." *Id.*

The Order here says nothing about the constructive-discharge allegation, the back-pay representation, or Plaintiff's sworn statements. *See* ECF Doc. #27, p. 14. On de novo review the District Judge may resolve those issues directly; alternatively, the matter should be returned to the Magistrate Judge for a statement of reasons addressing the Rule 11(b)(3) ground.

## **CONCLUSION**

The Order denying Defendants' Motion for Sanctions rests on a single, incomplete ground — the perceived good faith of Plaintiff's legal argument — and never reaches the independent factual misrepresentations that Defendants' Motion placed at issue. That is contrary to law. Defendants respectfully request that this Court sustain this objection, set aside the portion of the Order denying Defendants' Motion, and award Defendants their reasonable attorneys' fees and costs incurred as a result of the sanctionable filings, in an amount to be fixed on subsequent submission, or, in the alternative, return the Motion to the Magistrate Judge for a statement of reasons addressing the Rule 11(b)(3) factual-frivolousness ground.

Respectfully submitted:

LISKOW & LEWIS, APLC

By: /s/ Michael C. Mims
Thomas J. McGoey, II (Bar #18330)
tjmcgoey@liskow.com
Michael C. Mims (#33991)
mmims@liskow.com
Ellen D. George (#39891)
egeorge@liskow.com
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 581-7979

**Counsel for Defendants Waste Pro USA, Inc., Waste Pro of Louisiana, Inc., and Total Waste Solutions, LLC**

**CERTIFICATION**

I hereby certify that on this 22nd day of October 2026, a copy of the foregoing pleading was served on all parties of record via the Court's ECF system and/or electronically via their email address designated for service.

/s/ Michael C. Mims