**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DEBRIC BROUSSARD** | * | **CIVIL ACTION NO.: 2:26-CV-00760** |
| **VERSUS** | * | **JUDGE CARL J. BARBIER** |
| **WASTE PRO USA, INC., ET AL.** | * | **SECTION: J** |
| | * | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |

**DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT**

Defendants Waste Pro USA, Inc., Waste Pro of Louisiana, Inc., and Total Waste Solutions, LLC (collectively, the "Corporate Defendants"), and Michael Scioneaux and Samuel Edwards (the "Individual Defendants," and together with the Corporate Defendants, "Defendants"), answer the First Amended Complaint (the "Amended Complaint," found at ECF Doc. #9) filed by Plaintiff Debric Broussard, deny any liability to Plaintiff, and assert their affirmative and other defenses as follows.

Answering the allegations in the numbered paragraphs of the Amended Complaint, paragraph by paragraph, Defendants state:

1.

The allegations in paragraph 1 of the Amended Complaint characterize Plaintiff's claims and require no answer. To the extent an answer is required, Defendants deny that they retaliated against Plaintiff, deny any violation of, or liability under, Title VII of the Civil Rights Act of 1964 ("Title VII") or the Americans with Disabilities Act ("ADA"), and deny the remaining allegations in paragraph 1 of the Amended Complaint.

2.

Defendants admit that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in 2025 and that, on or about October 14, 2025, Plaintiff filed suit in this Court in the matter captioned *Broussard v. Waste Pro USA, Inc.*, *et al.*, Civil Action No. 2:25-cv-02132-SSV-MBN (the "First Action"). Defendants aver that Plaintiff settled the First Action by executing a Confidential Settlement Agreement and General Release on January 7, 2026 (the "January 7th Release"). Defendants deny any liability to Plaintiff for discrimination and deny the remaining allegations in paragraph 2 of the Amended Complaint.

3.

Defendants deny the allegations in paragraph 3 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

4.

Defendants deny the allegations in paragraph 4 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

5.

Defendants deny the allegations in paragraph 5 of the Amended Complaint. Defendants further aver that Plaintiff did not perform work for Defendants after on or about May 27, 2025, and remained on leave through the date of his voluntary resignation on December 19, 2025.

6.

Defendants deny that Plaintiff was constructively discharged and deny the remaining allegations in paragraph 6 of the Amended Complaint as written. Defendants aver that, on

December 19, 2025, Plaintiff, while represented by counsel, executed a mediation agreement in his workers' compensation proceeding (the "Mediation Agreement") in which he "agree[d] to a voluntary resignation of his employment with the employer and to not seek re-employment with employer." Defendants further aver that, on January 15, 2026, Plaintiff executed a notarized Receipt and Release (the "January 15th Release") in which he acknowledged that "his resignation was voluntary and of his own free will and that he was not forced to resign."

7.

Defendants admit that Plaintiff filed a second Charge of Discrimination with the EEOC on or about January 15, 2026 (the "Second Charge"). The Second Charge is a written document that speaks for itself, and Defendants deny any allegation inconsistent with its contents. Defendants deny that the allegations of the Second Charge have any merit and deny the remaining allegations in paragraph 7 of the Amended Complaint.

8.

Defendants admit that the EEOC issued a Notice of Right to Sue on the Second Charge on or about January 30, 2026. Defendants deny the remaining allegations in paragraph 8 of the Amended Complaint.

9.

Defendants admit that Plaintiff filed this action on April 13, 2026. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9 of the Amended Complaint, including the date on which Plaintiff received the Notice of Right to Sue; so, in an abundance of caution, Defendants deny these remaining allegations.

10.

The allegations in paragraph 10 of the Amended Complaint characterize Plaintiff's claims and state legal conclusions that require no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 10 of the Amended Complaint, including the allegation that Plaintiff's claims are distinct from the claims released in the January 7th Release. Defendants aver that every claim premised on conduct occurring before January 7, 2026 was or could have been brought in the First Action and was released by the January 7th Release.

11.

The allegations in paragraph 11 of the Amended Complaint state legal conclusions that require no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 11 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

12.

Defendants admit that 28 U.S.C. § 1331 confers federal-question jurisdiction over Plaintiff's claims under Title VII and the ADA. Defendants deny any violation of, or liability under, those statutes and deny the remaining allegations in paragraph 12 of the Amended Complaint.

13.

The allegations in paragraph 13 of the Amended Complaint state legal conclusions that require no answer. To the extent an answer is required, Defendants admit that 42 U.S.C. §§ 2000e-5(f)(3) and 12117(a) confer jurisdiction over properly exhausted claims under Title VII and the ADA, deny that Plaintiff has exhausted any claim that exceeds the scope of the Second Charge, and deny the remaining allegations in paragraph 13 of the Amended Complaint.

14.

The allegations in paragraph 14 of the Amended Complaint state legal conclusions that require no answer. To the extent an answer is required, Defendants admit that 28 U.S.C. § 1367 permits the Court to exercise supplemental jurisdiction over state-law claims that form part of the same case or controversy as Plaintiff's federal claims, deny that Plaintiff has stated any viable state-law claim, and deny the remaining allegations in paragraph 14 of the Amended Complaint.

15.

Defendants admit that venue is proper in this District. Defendants deny that any unlawful employment practice occurred and deny the remaining allegations in paragraph 15 of the Amended Complaint.

16.

Defendants admit that Plaintiff is of the full age of majority, that he was employed as a commercial truck driver, and that he was an employee of Waste Pro of Louisiana, Inc. at all relevant times until his voluntary resignation. Defendants admit that Plaintiff's work was associated with the Gibson, Louisiana facility. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 16 of the Amended Complaint regarding Plaintiff's current domicile; so, in an abundance of caution, Defendants deny this allegation, but aver that Plaintiff declared in the January 15th Release that he was domiciled in Terrebonne Parish. Defendants deny the remaining allegations in paragraph 16 of the Amended Complaint. Defendants further aver that Plaintiff did not perform work for Defendants after on or about May 27, 2025, and that he voluntarily resigned his employment on December 19, 2025.

17.

Defendants admit that Waste Pro USA, Inc. is a Florida corporation that does business in Louisiana and that the addresses alleged in paragraph 17 of the Amended Complaint accurately reflect the addresses reported to the Louisiana Secretary of State. Defendants deny the remaining allegations in paragraph 17 of the Amended Complaint.

18.

Defendants admit that Waste Pro of Louisiana, Inc. does business in Louisiana and that the addresses alleged in paragraph 18 of the Amended Complaint accurately reflect the addresses reported to the Louisiana Secretary of State. Defendants deny the remaining allegations in paragraph 18 of the Amended Complaint.

19.

Defendants admit that Total Waste Solutions, LLC is a Louisiana limited liability company and that its registered agent is located at 209 Blackwater Court, Gibson, Louisiana 70356. Defendants deny the remaining allegations in paragraph 19 of the Amended Complaint.

20.

Defendants admit that Michael Scioneaux is a person of the full age of majority and that he was employed by Waste Pro of Louisiana, Inc. during Plaintiff's employment. Defendants deny the remaining allegations in paragraph 20 of the Amended Complaint.

21.

Defendants admit that Samuel Edwards is a person of the full age of majority and that he was employed by Waste Pro of Louisiana, Inc. during Plaintiff's employment. Defendants deny the remaining allegations in paragraph 21 of the Amended Complaint.

22.

The allegations in paragraph 22 of the Amended Complaint are directed at unidentified Doe Defendants and require no answer from Defendants. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Amended Complaint; so, in an abundance of caution, Defendants deny these allegations.

23.

The allegation that the Corporate Defendants were Plaintiff's joint employers states a legal conclusion that requires no answer; to the extent an answer is required, Defendants deny that allegation and deny the remaining allegations in paragraph 23 of the Amended Complaint.

24.

The allegations in paragraph 24 of the Amended Complaint state legal conclusions that require no answer. To the extent an answer is required, Defendants deny that either Individual Defendant engaged in the conduct alleged in the Amended Complaint and deny the remaining allegations in paragraph 24 of the Amended Complaint.

25.

Defendants admit that, in 2025, Plaintiff reported to Waste Pro of Louisiana, Inc. that coworkers had used a racial slur, and aver that Waste Pro of Louisiana, Inc. promptly investigated the report and took appropriate remedial action. Defendants deny the remaining allegations in paragraph 25 of the Amended Complaint. Defendants further aver that the allegations in paragraph 25 of the Amended Complaint concern claims that Plaintiff asserted in the First Action and released in the January 7th Release.

26.

Defendants admit that Plaintiff filed a charge of discrimination with the EEOC in 2025 and that Plaintiff filed the First Action on October 14, 2025. Defendants deny the remaining allegations in paragraph 26 of the Amended Complaint.

27.

The allegations in paragraph 27 of the Amended Complaint state legal conclusions that require no answer. To the extent an answer is required, Defendants admit that Plaintiff filed an EEOC charge and the First Action, and deny the remaining allegations in paragraph 27 of the Amended Complaint.

28.

Defendants deny the allegations in paragraph 28 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

29.

Defendants deny the allegations in paragraph 29 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

30.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Amended Complaint regarding any communication between Plaintiff and Mr. Serigny; so, in an abundance of caution, Defendants deny those allegations. Defendants deny the remaining allegations in paragraph 30 of the Amended Complaint.

Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

31.

Defendants deny the allegations in paragraph 31 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

32.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Amended Complaint regarding Plaintiff's subjective understanding; so, in an abundance of caution, Defendants deny those allegations. Defendants deny that any effort was made to isolate Plaintiff and deny the remaining allegations in paragraph 32 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

33.

Defendants deny the allegations in paragraph 33 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

34.

Defendants deny the allegations in paragraph 34 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

35.

Defendants deny the allegations in paragraph 35 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

36.

Defendants admit that Plaintiff communicated with Human Resources on various dates in 2025 regarding his concerns, and deny the remaining allegations in paragraph 36 of the Amended Complaint. Defendants further aver that Plaintiff did not perform work for Defendants after on or about May 27, 2025, and that, in the Mediation Agreement, he agreed to resign voluntarily and not to seek re-employment. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

37.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Amended Complaint regarding any communication between Plaintiff and the Corporate Defendants' Human Resources department; so, in an abundance of caution, Defendants deny those allegations. Defendants deny the remaining allegations in paragraph 37 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

38.

Defendants deny the allegations in paragraph 38 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

39.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Amended Complaint regarding Plaintiff's beliefs; so, in an abundance of caution, Defendants deny those allegations. Defendants deny the remaining allegations in paragraph 39 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

40.

Defendants deny the allegations in paragraph 40 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

41.

Defendants deny the allegations in paragraph 41 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

42.

Defendants deny that Michael Scioneaux engaged in retaliatory conduct. Defendants aver that Waste Pro of Louisiana, Inc. appropriately investigated Plaintiff's reports as to Michael Scioneaux and took appropriate action in response. Defendants deny the remaining allegations in paragraph 42 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

43.

Defendants deny the allegations in paragraph 43 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

44.

Defendants deny the allegations in paragraph 44 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

45.

Defendants deny the allegations in paragraph 45 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

46.

Defendants deny the allegations in paragraph 46 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

47.

Defendants admit that, on December 19, 2025, Plaintiff, his workers' compensation counsel Tara Melancon, and counsel for his employer executed the Mediation Agreement, which is a written document that speaks for itself. Defendants deny that Plaintiff was forced to sign the Mediation Agreement or signed it under duress. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 of the Amended Complaint regarding any statements Plaintiff made to Xavier Pickney or Ms. Melancon; so, in an

abundance of caution, Defendants deny those allegations. Defendants deny the remaining allegations in paragraph 47 of the Amended Complaint. Defendants further aver that, weeks after executing the Mediation Agreement, Plaintiff acknowledged under oath in the January 15th Release that his resignation was voluntary and that he was not forced to resign; that the Office of Workers' Compensation approved the settlement on January 16, 2026, after finding that Plaintiff had been fully advised of his rights; and that Plaintiff has not alleged fraud or misrepresentation. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

48.

Defendants deny the allegations in paragraph 48 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

49.

Defendants admit that Plaintiff executed the January 7th Release on January 7, 2026, settling the First Action. Defendants deny that they engaged in retaliatory conduct at any time, before or after that date, and deny the remaining allegations in paragraph 49 of the Amended Complaint.

50.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of the Amended Complaint; so, in an abundance of caution, Defendants deny these allegations.

51.

Defendants deny the allegations in paragraph 51 of the Amended Complaint.

52.

Defendants deny that Samuel Edwards or any other Defendant made the communications alleged in paragraph 52 of the Amended Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 52 of the Amended Complaint, including the reasons for any hiring decision by Geaux Waste; so, in an abundance of caution, Defendants deny these remaining allegations.

53.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 of the Amended Complaint regarding what Joshua Liner told Plaintiff; so, in an abundance of caution, Defendants deny those allegations. Defendants deny that Michael Scioneaux engaged in retaliatory conduct and deny the remaining allegations in paragraph 53 of the Amended Complaint.

54.

Defendants deny the allegations in paragraph 54 of the Amended Complaint.

55.

Defendants deny the allegations in paragraph 55 of the Amended Complaint.

56.

Defendants deny the allegations in paragraph 56 of the Amended Complaint.

57.

Defendants deny the allegations in paragraph 57 of the Amended Complaint.

58.

Defendants admit that Plaintiff filed the Second Charge on or about January 15, 2026. The Second Charge is a written document that speaks for itself, and Defendants deny any allegation

inconsistent with its contents. Defendants deny that the allegations of the Second Charge have any merit and deny the remaining allegations in paragraph 58 of the Amended Complaint.

59.

The Second Charge is a written document that speaks for itself, and Defendants deny any allegation in paragraph 59 of the Amended Complaint inconsistent with its contents. Defendants deny that Plaintiff was subjected to a hostile work environment or forced to leave his employment, and deny the remaining allegations in paragraph 59 of the Amended Complaint.

60.

The allegations in paragraph 60 of the Amended Complaint state legal conclusions that require no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 60 of the Amended Complaint. Defendants further aver that any claim exceeding the scope of the Second Charge is barred for failure to exhaust administrative remedies.

61.

Defendants admit that the January 7th Release bars all claims in the Amended Complaint premised on conduct occurring before January 7, 2026. Defendants deny the remaining allegations in paragraph 61 of the Amended Complaint.

62.

Defendants deny the allegations in paragraph 62 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

63.

Defendants admit that the First Action was filed on October 14, 2025. The complaint in the First Action is a written document that speaks for itself. Defendants deny any liability to

Plaintiff for discrimination, harassment, hostile work environment, or failure to accommodate, and deny the remaining allegations in paragraph 63 of the Amended Complaint. Defendants further aver that all such claims were released by the January 7th Release.

64.

Defendants deny the allegations in paragraph 64 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

65.

Defendants deny the allegations in paragraph 65 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

66.

Defendants deny the allegations in paragraph 66 of the Amended Complaint. Defendants further aver that Plaintiff did not perform work for Defendants after on or about May 27, 2025, and that he voluntarily resigned his employment on December 19, 2025.

67.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 of the Amended Complaint; so, in an abundance of caution, Defendants deny those allegations. Defendants deny the remaining allegations in paragraph 67 of the Amended Complaint.

68.

Defendants deny the allegations in paragraph 68 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

69.

Defendants admit that Plaintiff filed the Second Charge on or about January 15, 2026. The Second Charge is a written document that speaks for itself, and Defendants deny any allegation inconsistent with its contents. Defendants deny the remaining allegations in paragraph 69 of the Amended Complaint.

70.

Defendants admit that, when Plaintiff executed the January 7th Release, he had not yet filed the Second Charge. Defendants deny the remaining allegations in paragraph 70 of the Amended Complaint.

71.

Defendants deny the allegations in paragraph 71 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

72.

Defendants admit that Plaintiff executed the January 7th Release, which is a written document that speaks for itself, and deny any characterization of it that is inconsistent with its terms. Defendants aver that, in the January 7th Release, Plaintiff released “any and all claims, known and unknown, accrued and unaccrued, asserted and unasserted,” that he had or may have had against the Released Parties as of the date of its execution “that were or could have been

brought in" the First Action. Defendants deny the remaining allegations in paragraph 72 of the Amended Complaint.

73.

Defendants admit that Plaintiff executed the January 15th Release, which is a written document that speaks for itself, and deny any characterization of it that is inconsistent with its terms. Defendants aver that, in the January 15th Release, Plaintiff warranted that he had resigned his employment, acknowledged that "his resignation was voluntary and of his own free will and that he was not forced to resign," and agreed not to apply for employment with the Corporate Defendants or any of their affiliated companies at any time in the future. Defendants deny the remaining allegations in paragraph 73 of the Amended Complaint.

74.

Defendants deny the allegations in paragraph 74 of the Amended Complaint. Defendants further aver that any claim premised on conduct occurring before January 7, 2026 was released by the January 7th Release.

75.

Defendants deny the allegations in paragraph 75 of the Amended Complaint.

76.

The allegations in paragraph 76 of the Amended Complaint characterize Plaintiff's intentions and require no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 76 of the Amended Complaint and aver that the Amended Complaint seeks recovery for released claims, including Plaintiff's constructive-discharge and lost-wage claims.

77.

Defendants deny the allegations in paragraph 77 of the Amended Complaint.

78.

Paragraph 78 of the Amended Complaint requires no answer. To the extent an answer is required, Defendants reassert and incorporate by reference their responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

79.

Defendants admit that Plaintiff filed an EEOC charge in 2025 and filed the First Action. Defendants deny the remaining allegations in paragraph 79 of the Amended Complaint. Defendants further aver that any claim premised on Plaintiff's complaints of racial discrimination and harassment was or could have been brought in the First Action and was released by the January 7th Release.

80.

Defendants deny the allegations in paragraph 80 of the Amended Complaint.

81.

Defendants deny the allegations in paragraph 81 of the Amended Complaint.

82.

Defendants deny the allegations in paragraph 82 of the Amended Complaint.

83.

Defendants deny the allegations in paragraph 83 of the Amended Complaint.

84.

Defendants deny the allegations in paragraph 84 of the Amended Complaint.

85.

Paragraph 85 of the Amended Complaint requires no answer. To the extent an answer is required, Defendants reassert and incorporate by reference their responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

86.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 86 of the Amended Complaint; so, in an abundance of caution, Defendants deny this allegation. Defendants deny the remaining allegations in paragraph 86 of the Amended Complaint. Defendants further aver that any claim relating to Plaintiff's alleged requests for accommodation was asserted in the First Action and released by the January 7th Release.

87.

Defendants deny the allegations in paragraph 87 of the Amended Complaint.

88.

Defendants deny the allegations in paragraph 88 of the Amended Complaint.

89.

Defendants deny the allegations in paragraph 89 of the Amended Complaint.

90.

Defendants deny the allegations in paragraph 90 of the Amended Complaint.

91.

Paragraph 91 of the Amended Complaint requires no answer. To the extent an answer is required, Defendants reassert and incorporate by reference their responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

92.

Defendants deny the allegations in paragraph 92 of the Amended Complaint.

93.

Defendants deny the allegations in paragraph 93 of the Amended Complaint.

94.

Defendants deny the allegations in paragraph 94 of the Amended Complaint.

95.

Defendants deny the allegations in paragraph 95 of the Amended Complaint.

96.

Paragraph 96 of the Amended Complaint requires no answer. To the extent an answer is required, Defendants reassert and incorporate by reference their responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

97.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97 of the Amended Complaint; so, in an abundance of caution, Defendants deny these allegations.

98.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98 of the Amended Complaint; so, in an abundance of caution, Defendants deny these allegations.

99.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99 of the Amended Complaint; so, in an abundance of caution, Defendants deny these allegations.

100.

Defendants deny the allegations in paragraph 100 of the Amended Complaint.

101.

Defendants deny the allegations in paragraph 101 of the Amended Complaint.

102.

Defendants deny the allegations in paragraph 102 of the Amended Complaint.

103.

Defendants deny the allegations in paragraph 103 of the Amended Complaint.

104.

Paragraph 104 of the Amended Complaint requires no answer. To the extent an answer is required, Defendants reassert and incorporate by reference their responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

105.

The January 7th Release is a written document that speaks for itself, and Defendants deny any allegation in paragraph 105 of the Amended Complaint that is inconsistent with its terms. Defendants deny the remaining allegations in paragraph 105 of the Amended Complaint.

106.

Defendants deny the allegations in paragraph 106 of the Amended Complaint.

107.

Defendants deny the allegations in paragraph 107 of the Amended Complaint.

108.

Defendants deny the allegations in paragraph 108 of the Amended Complaint.

109.

Defendants deny the allegations in paragraph 109 of the Amended Complaint. Defendants further deny that Plaintiff is entitled to any of the relief described in paragraph 109 of the Amended Complaint.

110.

Defendants deny the allegations in paragraph 110 of the Amended Complaint, including subparagraphs (a) through (o), and deny that Plaintiff is entitled to any of the damages or other relief listed. Defendants specifically deny that Plaintiff is entitled to lost wages, and aver that, in the January 7th Release, Plaintiff affirmed that he had been paid and had received all compensation, wages, and benefits to which he may be entitled.

111.

The allegations in paragraph 111 of the Amended Complaint require no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 111 of the Amended Complaint and aver that the Amended Complaint seeks recovery for claims and damages released by the January 7th Release.

112.

The allegations in paragraph 112 of the Amended Complaint require no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 112 of the Amended Complaint.

113.

The allegations in paragraph 113 of the Amended Complaint require no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 113 of the Amended Complaint, and Defendants likewise reserve all of their rights concerning the interpretation, enforceability, scope, and application of the prior settlement agreements.

With respect to the Prayer for Relief, including subparagraphs A through K, Defendants deny that Plaintiff is entitled to any of the relief requested and aver that there are no grounds in fact or in law for that relief.

## DEMAND FOR JURY TRIAL

The Demand for Jury Trial in the Amended Complaint requires no answer.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses, each of which is pleaded in the alternative to the extent necessary. In asserting these defenses, Defendants do not assume any burden of proof that they would not otherwise bear under applicable law.

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted, in whole or in part.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by compromise and release. In the January 7th Release, Plaintiff, after consulting with counsel, knowingly and voluntarily released Defendants, each of whom is a Released Party, from any and all claims, known and unknown, that he had or may have had as of January 7, 2026 that were or could have been brought in the First

Action, including claims under Title VII, the ADA, and Louisiana law. All claims premised on conduct occurring before January 7, 2026, are barred.

**THIRD DEFENSE**

Plaintiff's claims for constructive discharge, lost wages, and related relief are barred by the Mediation Agreement, the January 15th Release, and the January 16, 2026 order of the Office of Workers' Compensation approving the settlement of Plaintiff's workers' compensation claim, which may not be set aside or modified except for fraud or misrepresentation.

**FOURTH DEFENSE**

Plaintiff voluntarily resigned his employment and was not constructively discharged. Plaintiff did not work for Defendants after May 27, 2025; he agreed to resign at a mediation at which he was represented by counsel and in exchange for valuable consideration; and he later acknowledged under oath that his resignation was voluntary and that he was not forced to resign.

**FIFTH DEFENSE**

Plaintiff's claims for lost wages, back pay, front pay, and reinstatement are barred because, in the January 7th Release, Plaintiff affirmed that he had been paid and had received all compensation, wages, and benefits to which he may be entitled, and because Plaintiff agreed not to seek re-employment with his former employer.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, judicial estoppel, waiver, ratification, acquiescence, and unclean hands, including by reason of Plaintiff's sworn statements in his workers' compensation proceeding and his representations in the January 7th Release and January 15th Release.

**SEVENTH DEFENSE**

To the extent the Amended Complaint asserts claims or allegations that exceed the scope of the Second Charge, or that were not timely presented to the EEOC, those claims are barred for failure to exhaust administrative remedies and by the applicable limitations periods, including 42 U.S.C. § 2000e-5(e)(1).

**EIGHTH DEFENSE**

Title VII and the ADA do not impose individual liability on employees or supervisors. Michael Scioneaux and Samuel Edwards are not "employers" within the meaning of 42 U.S.C. § 2000e(b) or 42 U.S.C. § 12111(5), and Counts I and II fail as a matter of law as to them.

**NINTH DEFENSE**

To the extent any Corporate Defendant did not employ Plaintiff, that Corporate Defendant was not Plaintiff's "employer" within the meaning of Title VII or the ADA and cannot be liable on Counts I or II.

**TENTH DEFENSE**

Every action that Defendants took with respect to Plaintiff was based on legitimate, good-faith, non-retaliatory reasons, and Defendants would have taken the same actions in the absence of any protected activity.

**ELEVENTH DEFENSE**

Plaintiff was not subjected to any materially adverse action, and Plaintiff cannot show that any protected activity was the but-for cause of any action of which he complains.

**TWELFTH DEFENSE**

Some or all of Plaintiff's claims, and some or all of the relief requested, are barred because Corporate Defendants maintained, disseminated, and enforced policies prohibiting discrimination

and retaliation, with reasonable and effective procedures for reporting and correcting such conduct, and because Plaintiff unreasonably failed to take advantage of those procedures or to otherwise avoid harm.

**THIRTEENTH DEFENSE**

Compensatory and punitive damages are not available on a claim for retaliation under the ADA, 42 U.S.C. § 12203. Alternatively, any compensatory or punitive damages awarded on Counts I or II are subject to the statutory limits of 42 U.S.C. § 1981a(b)(3).

**FOURTEENTH DEFENSE**

Plaintiff is not entitled to punitive damages. Defendants did not act with malice or reckless indifference to Plaintiff's federally protected rights and made good-faith efforts to comply with the law. Further, punitive damages are not available on Plaintiff's state-law claims absent express statutory authorization.

**FIFTEENTH DEFENSE**

Any statements that any Defendant made concerning Plaintiff were true, were expressions of opinion, were not published to third parties, and/or were privileged, including under the conditional privilege recognized by Louisiana law and the protections afforded to employers by La. R.S. 23:291 for disclosures concerning former employees to prospective employers.

**SIXTEENTH DEFENSE**

Louisiana law does not recognize a cause of action for intentional interference with prospective economic advantage as pleaded in Count IV. Alternatively, Plaintiff cannot show that any Defendant acted with actual malice or actually prevented any third party from dealing with Plaintiff.

**SEVENTEENTH DEFENSE**

Plaintiff cannot recover for breach of the January 7th Release because no Defendant breached it; because Plaintiff failed to perform his own obligations under the January 7th Release; and because Plaintiff has suffered no damages caused by any alleged breach.

**EIGHTEENTH DEFENSE**

Plaintiff's state-law claims are barred, in whole or in part, by the applicable prescriptive periods under Louisiana law.

**NINETEENTH DEFENSE**

Any injury or damage that Plaintiff allegedly suffered was not caused by any fault, act, or omission of Defendants, but was caused by the fault of Plaintiff or of persons or entities for whom Defendants are not responsible. Alternatively, any recovery on Plaintiff's state-law claims must be reduced in proportion to the fault of Plaintiff and others under La. Civ. Code art. 2323.

**TWENTIETH DEFENSE**

Plaintiff failed to mitigate any damages he allegedly sustained.

**TWENTY-FIRST DEFENSE**

To the extent Plaintiff is entitled to any recovery, which Defendants deny, Defendants are entitled to a set-off or credit for all amounts paid to or on behalf of Plaintiff, including the consideration paid under the January 7th Release, the amounts paid in settlement of his workers' compensation claim, all indemnity and medical benefits paid, and any interim earnings, and Plaintiff may not obtain a double recovery.

**TWENTY-SECOND DEFENSE**

Plaintiff's damages are barred or limited to the extent that discovery reveals after-acquired evidence that would have resulted in the termination of Plaintiff's employment.

## RESERVATION OF DEFENSES

Defendants reserve the right to supplement and amend this pleading and to raise all other affirmative or other defenses that may be identified during discovery or that otherwise become appropriate during the course of this action. Defendants further reserve the right to amend their answers as they obtain additional information through discovery or otherwise. Defendants deny all allegations in the Amended Complaint that are not expressly admitted herein.

## REQUEST FOR ATTORNEYS' FEES AND DEFENSE COSTS

Defendants are entitled to an order requiring Plaintiff to reimburse them for all attorneys' fees, court costs, and other costs of defense as permitted by applicable law, including 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 12205, and Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants pray that: (1) all claims asserted by Plaintiff against Defendants be dismissed, with prejudice, at Plaintiff's cost; and (2) Plaintiff be ordered to reimburse Defendants for attorneys' fees and all costs incurred in defending this action. Defendants further pray for all other just and equitable relief to which they may be entitled.

**[signature contained on following page]**

Respectfully submitted,

LISKOW & LEWIS, APLC

By: /s/ Michael C. Mims
Thomas J. McGoey, II (Bar #18330)
tjmcgoey@liskow.com
Michael C. Mims (#33991)
mmims@liskow.com
Ellen D. George (#39891)
egeorge@liskow.com
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 581-7979

**Counsel for Defendants Waste Pro USA, Inc., Waste Pro of Louisiana, Inc., and Total Waste Solutions, LLC**

LAW OFFICES OF MICHAEL L. MULLIN

By: /s/ Michael L. Mullin
Michael L. Mullin (#9819)
mike@mullinlaw.net
Betty F. Mullin (#9818)
betty@mullinlaw.net
9533 Robin Ln
River Ridge, LA 70123
Phone: (504) 813-6625
Fax: (504) 324-0303

**Counsel for Defendants Michael Scioneaux and Samuel Edwards**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of November, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

*/s/ Michael C. Mims*